**Christopher WILLIAMS, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 26, 2013.

Decided June 18, 2013.

Michelle M. Alaskey, Assistant Public Defender, Warren, for petitioner.

Kara W. Haggerty, Assistant Counsel, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, and BROBSON, Judge, and COVEY, Judge.

OPINION BY Judge COHN JUBELIRER.

Christopher Williams petitions for review of the Order of the Pennsylvania Board of Probation and Parole (Board) denying Williams' Petition for Administrative Appeal challenging the Board's calculation of his parole violation maximum sentence date as March 15, 2013. On appeal, Williams argues that because he was deemed eligible by the sentencing court for the State Intermediate Punishment (SIP) program,[1] the Board erred by refusing to credit his original sentence for all time served prior to sentencing on new

---

1. The SIP program "is a two-year program designed to benefit persons with drug and alcohol problems." *Commonwealth v. Kuyk-endall,* 2 A.3d 559, 560 (Pa.Super.2010) (citing Sections 4102–4109 of the Prisons and Parole Code, 61 Pa.C.S. §§ 4102–4109).

criminal charges pursuant to our Supreme Court's decision in *Martin v. Pennsylvania Board of Probation and Parole*, 576 Pa. 588, 840 A.2d 299 (2003). Discerning no error, we affirm.

Williams was originally sentenced on September 6, 2008 to a state correctional institution to serve 18–36 months, with a minimum date of March 6, 2010, and a maximum date of September 6, 2011. (Sentence Status Summary, R. at 1.) On October 7, 2010, Williams was released on parole. (Order to Release on Parole/Reparole, R. at 8.) New criminal charges were lodged against Williams on June 2, 2011 and he was incarcerated in the Philadelphia County Prison, where he remained because he was unable to post bail. (Criminal Arrest and Disposition Report, R. at 12; Court of Common Pleas of Philadelphia County Docket Sheet, R. at 40.) On June 4, 2011, the Board issued a detainer and, by Board decision recorded July 14, 2011, Williams was detained pending disposition of the new criminal charges. (Warrant to Commit and Detain, R. at 11; Notice of Board Decision, July 14, 2011, R. at 21.) The Board's detainer was lifted on September 6, 2011, the maximum date of William's original sentence, and the Board issued a second detainer on February 6, 2012. (Warrant to Commit and Detain, R. at 23.) Williams pleaded guilty, pursuant to a negotiated guilty plea, to the new criminal charges on November 22, 2011 and was sentenced to 2 to 4 years' incarceration in a state correctional institution with credit for time served.[2] (Criminal Arrest and Disposition Report, R. at 27; Court of Common Pleas of Philadelphia County Docket Sheet, R. at 41.) The sentencing court deemed Williams eligible for the SIP program. (Court of Common Pleas of Philadelphia County Docket Sheet, R. at 41.)

Upon notification of Williams' conviction and sentence, the Board issued a Notice of Charges and Hearing scheduling a parole revocation hearing for March 9, 2012. (Notice of Hearing and Charges, R. at 24.) However, on March 9, 2012, Williams waived his rights to a parole revocation hearing and counsel at the hearing. (Waiver of Revocation Hearing and Counsel/Admission Form, R. at 35.) Williams further admitted his November 22, 2011 conviction on the new criminal charges and requested the Board to credit the time between June 2, 2011, the date of his arrest, until March 9, 2012, towards the backtime owed on his original sentence because the SIP program requires that all credit on a new sentence for time served be forfeited, resulting in none of this time being credited toward his new sentence. (Waiver of Revocation Hearing and Counsel/Admission Form, R. at 35.)

By decision recorded April 24, 2012, the Board recommitted Williams to a state correctional institution as a convicted parole violator to serve his unexpired term of 7 months and 28 days, and recalculated Williams' parole violation maximum date as December 11, 2012. (Notice of Board Decision, April 24, 2012, R. at 47.) Williams filed a request for administrative relief challenging the Board's calculation of his parole violation maximum date as December 11, 2012. (Administrative Appeal, R. at 49.) By decision recorded June 29, 2012, the Board modified its previous April 24, 2012 decision, due to a calculation error, and changed Williams' unexpired term

---

**2.** The sentencing court indicated that Williams was eligible for a Recidivism Risk Reduction Incentive, which may reduce his minimum sentence to 18 months. *See* Sections 4501–4512 of the Prisons and Parole Code, 61 Pa.C.S. § 4501—4512 (governing the Recidivism Risk Reduction Incentive program for eligible low-risk offenders who have not committed personal injury crimes).

to 10 months and 30 days resulting in a new parole violation maximum date of March 15, 2013. (Notice of Board Decision, June 29, 2012, R. at 56.) In calculating this date, the Board determined that Williams owed 334 days of backtime on his original sentence. (Order to Recommit, R. at 54.)

Williams timely filed a Petition for Administrative Appeal from the Board's decision recorded June 29, 2012. (Petition for Administrative Appeal, R. at 59–61.) Therein, Williams alleged that the Board's recalculation of his parole violation maximum date as March 15, 2013, was erroneous because he was continually incarcerated from the date of his arrest on June 2, 2011, through April 15, 2012, when he was recommitted to a state correctional institution; therefore, the Board should have credited all the time he spent in custody to his original sentence, which totaled 317 days. (Petition for Administrative Appeal, R. at 60–61.) Accordingly, Williams requested that the Board credit 317 days toward the backtime owed on his original sentence. (Petition for Administrative Appeal, R. at 61.)

By decision mailed September 20, 2012, the Board denied Williams' Petition for Administrative Appeal. Williams now petitions this Court for review.[3]

On appeal, Williams asserts that because the sentencing court imposed a 2– to 4–year sentence, with credit for time served and also deemed him eligible for the SIP program, he cannot receive the court-ordered credit for time served on his new sentence. Therefore, Williams argues that, in the interests of equity and to avoid penalizing Williams for being indigent, the Board should have credited his original

sentence with the time he served while awaiting sentencing on his new criminal conviction. To support these arguments, Williams cites to *Martin,* 576 Pa. at 605, 840 A.2d at 309, wherein our Supreme Court held that pre-sentence detention time must be allocated either to the original sentence or to the new sentence, as a matter of justice and equity.

As noted, the SIP program "is a two-year program designed to benefit persons with drug and alcohol problems" and to be eligible, the Department of Corrections (DOC) must determine that the offender requires drug and alcohol treatment and the offender cannot have a history of violent behavior. *Commonwealth v. Kuykendall,* 2 A.3d 559, 560 (Pa.Super.2010) (citing Sections 4102–4109 of the Prisons and Parole Code (Code), 61 Pa.C.S. §§ 4102–4109). If an eligible offender is sentenced to the SIP program, he or she is not entitled to credit for time served during pre-sentence detention on the criminal charges resulting in admission to the SIP program. Section 4105(b) of the Code, 61 Pa.C.S. § 4105(b). While an offender may be considered eligible for the SIP program, a "participant" in the program is "[a]n eligible offender *actually* sentenced to State intermediate punishment pursuant to 42 Pa.C.S. § 9721(a)(7) (relating to sentencing generally)." Section 4103 of the Code, 61 Pa.C.S. § 4103 (emphasis added). Here, the sentencing court did not actually sentence Williams to the SIP program. Instead, the sentencing court determined that Williams was *eligible* for the SIP program; therefore, because Williams is not currently a participant in the SIP program, he is not subject to the program's

---

**3.** In reviewing the Board's decision, our review "is limited to determining whether the Board's findings are supported by substantial evidence, an error of law [was] committed, or

whether any of the parolee's constitutional rights were violated." *Andrews v. Pennsylvania Board of Probation and Parole,* 101 Pa. Cmwlth. 468, 516 A.2d 838, 841 n. 10 (1986).

requirements.[4] Accordingly, at the time the Board recorded its June 29, 2012 decision recalculating Williams' parole violation maximum date based upon his conviction on new criminal charges, Williams had not forfeited any of the court-ordered credit for time served pursuant to the requirements of the SIP program.

■ Moreover, even if Williams had been actually sentenced to the SIP program, he still would not be entitled to have the court-ordered credit for time served on his new sentence applied to his original sentence pursuant to the Supreme Court's decision in *Martin*. *Martin* addressed the situation where an indigent offender is incarcerated both on new criminal charges and a Board detainer prior to trial and, thereafter, is sentenced on the new criminal charges to less time than he spent in pre-sentence detention. The Supreme Court held that, in these circumstances, the excess time spent in confinement that is over and above the sentence for the new criminal charges will be credited toward the original sentence. Specifically, the Supreme Court held:

> [W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence. We further hold that the indigency of a detainee in failing to satisfy the requirements for bail is not determinative as to whether the offender receives credit for time served.

*Martin*, 576 Pa. at 605–06, 840 A.2d at 309. We do not have the *Martin* situation presented in this matter. Participation in the SIP program is voluntary, wherein an eligible offender is actually sentenced to the SIP program "in lieu of a straight sentence

of incarceration." *Kuykendall*, 2 A.3d at 565. As explained by the Superior Court:

> A defendant is not entitled to SIP, instead SIP is a privilege granted at the discretion of the sentencing court. SIP also substantially reduces the amount of time a defendant spends incarcerated in a state facility. Defendants sentenced to SIP are required to serve at least seven months in a state correctional institution, *see* 61 Pa.C.S. § 4105(b)(1), while ordinarily the minimum sentence for eligible offenders is two years. *See* Pennsylvania Commission on Sentencing 2010 Report to the Legislature, Pennsylvania's State Intermediate Punishment Program, n.2 at 5.
>
> *In exchange for admittance into SIP, the defendant surrenders his statutory right to credit for time served while housed in a county correctional institution or non-Pennsylvania state correctional facility.*

*Id.* (emphasis added). Accordingly, due to the nature of the SIP program, an eligible offender, such as Williams, cannot expect credit for time served towards an original sentence pursuant to *Martin* if the offender is actually sentenced to, and becomes a participant in, the SIP program.

■ Finally, our review of the record shows that the Board correctly calculated Williams' parole violation maximum date as March 15, 2013. Pursuant to *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 403, 412 A.2d 568, 571 (1980), when a parolee: (1) is incarcerated on both new criminal charges and a detainer filed by the Board and (2) does not post bail for the new criminal charges, the time spent incarcerated shall be credited against the sentence for his new criminal

---

4. Section 4104(e) of the Code provides that an eligible offender not originally sentenced to the SIP program may be resentenced to the program by the sentencing court upon a written request by DOC and if certain conditions apply. 61 Pa.C.S. § 4104(e).

charges. If a parolee is being held solely on the Board's detainer, the parolee is entitled to credit on an original sentence for time served while incarcerated awaiting resolution of new criminal charges. *Id.*

In this case, Williams did not post bail and was incarcerated in the Philadelphia County Prison on both the new criminal charges and the Board's detainer from June 4, 2011 to September 6, 2011, when the Board lifted its original detainer, and then again from February 16, 2012, when the Board lodged its second detainer, to April 15, 2012. There was never a time when Williams was detained solely on the Board's detainer. Therefore, in accordance with *Gaito,* the time that Williams was incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence.

Pursuant to Section 6138(a)(2) of the Code, a parolee who is recommitted as a convicted parole violator "shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1) [ (which is not applicable here) ], shall be given no credit for the time at liberty on parole." 61 Pa.C.S. § 6138(a)(2). Thus, Williams, as a convicted parole violator, automatically forfeited credit for all time spent on parole. Williams was paroled on October 7, 2010 and his maximum sentence expired on September 6, 2011; therefore, Williams had 334 days remaining on his original sentence. (Order to Recommit, R. at 54.) He became available to begin serving this backtime on April 15, 2012. (Order to Recommit, R. at 54.) Therefore, adding 334 days to April 15, 2012 yields a new parole violation maximum date of March 15, 2013.

Accordingly, for the foregoing reasons, the Board's Order denying Williams' Petition for Administrative Appeal is affirmed.

## *ORDER*

**NOW,** June 18, 2013, the Order of the Pennsylvania Board of Probation and Parole entered in the above-captioned matter is hereby **AFFIRMED.**