IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Raymon Giuliano,        :
                                  : No. 1168 C.D. 2015
                Petitioner   : Submitted: February 5, 2016
                                  :
          v.                    :
                                  :
Pennsylvania Board of         :
Probation and Parole,        :
                                  :
              Respondent   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN             FILED: April 20, 2016

Gregory Raymon Giuliano petitions for review of the June 10, 2015, decision of the Pennsylvania Board of Probation and Parole (Board) that denied Giuliano's petition for administrative review and affirmed the Board's decision to recalculate his parole violation maximum date to October 4, 2017. We affirm.

On September 30, 2008, Giuliano was convicted of four counts of theft of movable property and was sentenced to three and one-half to seven years' imprisonment. (C.R. at 1, 3.) Giuliano's original sentence maximum date was August 13, 2015. (*Id.* at 1.) On February 16, 2012, Giuliano was paroled. (*Id.* at 12.) On May 19, 2012, Giuliano was charged with driving under the influence of alcohol (DUI) and placed under house arrest on May 26, 2012. (*Id.* at 50.) On

October 3, 2012, Giuliano pled guilty to two counts of DUI and was sentenced to 45 days' to 6 months' imprisonment. (Supp. C.R. at 11.) By decision mailed February 13, 2013, the Board recommitted Giuliano as a convicted parole violator (CPV) and recalculated his parole violation maximum date to April 4, 2016. (C.R. at 17.) Giuliano did not appeal the Board's decision.[1] On March 14, 2013, the Board paroled Giuliano from his October 3, 2012, sentence. (*Id.* at 23.)

On May 17, 2013, Giuliano absconded from supervision, and the Board declared him delinquent effective that date. (*Id.* at 24, 114.) On May 21, 2013, Giuliano was arrested on new criminal charges (*id.* at 114), which were filed in the Court of Common Pleas of Bucks County (Bucks County) at CP#4396-2013. (*Id.* at 41.) Also on May 21, 2013, the Board lodged its detainer against Giuliano. (*Id.* at 25.) On May 28, 2013, Giuliano was detained by Bucks County in lieu of bail. (*Id.* at 41.) By decision mailed August 6, 2013, the Board recommitted Giuliano as a technical parole violator and recalculated his parole violation maximum date to April 8, 2016. (*Id.* at 30.) On October 21, 2013, Bucks County sentenced Giuliano to 18 to 36 months' imprisonment for aggravated assault, terroristic threats, possessing an instrument of crime, reckless endangerment of another person, institutional vandalism, criminal mischief, and two counts of simple assault. (*Id.* at 42-43.) By

---

[1] In the statement of the case section of his brief, Giuliano appears to argue that the Board's February 13, 2013, decision was improper. However, Giuliano waived this issue because he failed to develop it in the argument section of his brief. *See In re Condemnation by Department of Transportation*, 76 A.3d 101, 106 n.8 (Pa. Cmwlth. 2013) ("A party's failure to develop an issue in the argument section of its brief constitutes waiver of the issue."). This issue is also waived because Giuliano failed to appeal from the Board's February 13, 2013, decision. *See* 37 Pa. Code §73.1(a)(1); *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013) ("A parolee must appeal a revocation decision within thirty days of the Board's order or the appeal will be dismissed as untimely.").

decision mailed on March 7, 2014, but recorded on February 18, 2014, the Board recommitted Giuliano as a CPV and recalculated his parole violation maximum date to November 4, 2016. (*Id.* at 34.)

On February 27, 2014, the Board discovered that Giuliano had additional criminal charges pending for offenses committed on May 21, 2013, and lodged a new detainer against him for those charges. (*Id.* at 35, 115.) On April 2, 2014, the Court of Common Pleas of Montgomery County (Montgomery County) detained Giuliano on the new May 21, 2013, criminal charges. (*Id.* at 99-100.) The same criminal charges were filed in Bucks County, but later consolidated with the Montgomery County charges at CP#15-2015. (*Id.* at 68.) On July 7, 2014, Giuliano pled guilty to the following charges at CP#15-2015: burglary, criminal trespass, theft by unlawful taking, receiving stolen property, and unauthorized use of a motor/other vehicle. (*Id.* at 94.) By decision mailed on November 13, 2014, the Board recommitted Giuliano as a CPV. (*Id.* at 119-20.) On March 2, 2015, Montgomery County sentenced Giuliano to one to two years' imprisonment. (*Id.* at 90-91.)

By decision mailed April 7, 2015, the Board recalculated Giuliano's parole violation maximum date to October 4, 2017. (*Id.* at 72, 147.) On May 6, 2015, Giuliano filed a petition for administrative review, objecting to the Board's recalculation of his parole violation maximum date to October 4, 2017. By response

3

mailed June 10, 2015, the Board denied Giuliano's petition for administrative review. Giuliano now petitions this court for review.[2]

First, Giuliano argues that the Board erred in failing to credit him for all time served exclusively pursuant to the Board's warrant. We disagree.

With regard to credit for time served, this court has held:

> [W]hen a parolee: (1) is incarcerated on *both* new criminal charges and a detainer filed by the Board and (2) does not post bail for the new criminal charges, the time spent incarcerated shall be credited against the sentence for his *new criminal charges*. If a parolee is being held *solely* on the Board's detainer, the parolee is entitled to credit on an *original sentence* for time served while incarcerated awaiting resolution of new criminal charges.

*Williams v. Pennsylvania Board of Probation and Parole*, 68 A.3d 386, 389-90 (Pa. Cmwlth. 2013) (emphases added).

Here, Giuliano was confined solely pursuant to the Board's detainer from May 21, 2013, to May 28, 2013, and from October 21, 2013, to April 2, 2014. The Board credited that time, a total of 170 days, to Giuliano's original sentence. The Board did not credit Giuliano's original sentence for the 146 days Giuliano was confined from May 28, 2013, to October 21, 2013, or the 334 days he was confined

[2] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

4

from April 2, 2014, to March 2, 2015, because those periods of pre-sentence confinement were based on both the Board's detainer and new criminal charges in Bucks County at CP#4396-2013 and in Montgomery County at CP#15-2015. Therefore, the Board properly credited Giuliano's original sentence for all periods that Giuliano was confined solely pursuant to the Board's detainer and properly recalculated Giuliano's parole violation maximum date to October 4, 2017.

Giuliano also argues that he did not receive credit on his new sentences at CP#4396-2013 and CP#15-2015 for his periods of pre-sentence confinement. However, "where a sentencing court does not give an inmate full credit for time served, the inmate's remedy is in the trial court and through the direct appeal process, not through the Board." *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 356 (Pa. Cmwlth. 2007). Here, there is no indication that Giuliano sought a remedy with Bucks County or Montgomery County requesting credit on his sentences at CP#4396-2013 or CP#15-2015 for his periods of pre-sentence confinement. Therefore, Giuliano cannot seek such relief on appeal from the Board's June 10, 2015, decision.

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA


Gregory Raymon Giuliano,         :
                                         : No. 1168 C.D. 2015
                Petitioner   :
                                         :
               v.             :
                                         :
Pennsylvania Board of          :
Probation and Parole,         :
                                         :
             Respondent   :


O R D E R


AND NOW, this 20th day of April, 2016, we hereby affirm the June 10, 2015, decision of the Pennsylvania Board of Probation and Parole.


_____
ROCHELLE S. FRIEDMAN, Senior Judge