# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald S. Stephens,                    :
                                       : No. 1135 C.D. 2015
                    Petitioner         : Submitted: June 3, 2016
                                       :
          v.                           :
                                       :
Pennsylvania Board of Probation        :
and Parole,                            :
                                       :
                    Respondent         :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED: August 11, 2016


Ronald S. Stephens petitions for review of the June 2, 2015, determination of the Pennsylvania Board of Probation and Parole (Board) denying Stephens' petition for administrative review of the Board's recommitment order and recalculation of Stephens' parole violation maximum date. Appointed counsel, Harry J. Cancelmi, Esquire (Counsel), has filed an application for leave to withdraw from representation on the ground that Stephens' petition for review lacks merit. We grant Counsel's application for leave to withdraw and affirm.

On April 19, 2001, the Court of Common Pleas of Delaware County sentenced Stephens to 8 to 16 years' imprisonment. (C.R. at 1.) The Board paroled Stephens on October 19, 2011, with a maximum parole violation date of October 13,

2019. (*Id.* at 25.) On December 27, 2013, police arrested Stephens on new criminal charges, which were filed in the Court of Common Pleas of Montgomery County (Montgomery County). (*Id.* at 28, 74.) Stephens did not post bail. (*Id.* at 74.) On December 28, 2013, the Board lodged its detainer against Stephens. (*Id.* at 26.) By order mailed April 1, 2014, the Board recommitted Stephens as a technical parole violator to serve six months' backtime. (*Id.* at 56-58.)

On September 17, 2014, Montgomery County convicted Stephens of the new criminal charges. (*Id.* at 75.) On March 10, 2015, Montgomery County sentenced him to 4 to 10 years' imprisonment with 438 days' credit. (*Id.* at 75, 82.) By order mailed May 5, 2015, the Board recommitted Stephens as a convicted parole violator to serve 36 months' backtime concurrent with his prior six months' backtime. (*Id.* at 95.) The Board recalculated Stephens' parole violation maximum date to March 4, 2023. (*Id.*)

On May 11, 2015, Stephens mailed a petition for administrative review challenging the Board's recalculation of his parole violation maximum date. (*Id.* at 97.) On June 2, 2015, the Board denied Stephens' petition for administrative review, and Stephens appealed to this court.[1] (*Id.* at 100-01.) On May 26, 2015, Stephens mailed an amended petition for administrative review, arguing that the Board lacked authority to extend his judicially-imposed original sentence. (*Id.* at 102.) On July 10, 2015, the Board informed Stephens that in accordance with Board regulations, his

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

amended petition would not be accepted because it was a second or subsequent petition for administrative review. (*Id.* at 104.) On March 21, 2016, Counsel filed an application for leave to withdraw and an *Anders*[2] brief with this court.

When court-appointed counsel concludes that a petitioner's appeal is frivolous, counsel may be permitted to withdraw if counsel: (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of an *Anders* brief or a no-merit letter; and (3) advises the petitioner of his right to retain new counsel or proceed *pro se*. *Encarnacion v. Pennsylvania Board of Probation and Parole*, 990 A.2d 123, 125 (Pa. Cmwlth. 2010).

In this case, because Stephens does not have a constitutional right to counsel,[3] Counsel was only required to provide Stephens with a no-merit letter rather than an *Anders* brief. *See Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-25 (Pa. Cmwlth. 2009) (*en banc*). Therefore, we will "apply the standard of whether the petitioner's claims are without merit, rather than whether

---

[2] *Anders v. State of California*, 386 U.S. 738 (1967).

[3] In a parole revocation matter, a constitutional right to counsel exists when the parolee raises:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009) (*en banc*) (citation omitted).

they are frivolous." *Id.* at 26 n.4. A no-merit letter must set forth: (1) the nature and extent of counsel's review of the case; (2) the issues the petitioner wishes to raise on appeal; and (3) counsel's analysis of why the petitioner's appeal is meritless. *Id.* at 24-25. If counsel satisfies these requirements, this court will conduct an independent review of the petitioner's appeal to determine if the appeal is meritless. *Id.* at 25.

Here, the record shows that Counsel notified Stephens of his request to withdraw and provided Stephens with a copy of his *Anders* brief. Counsel's *Anders* brief shows the nature and extent of his review of the case, sets forth the issues raised, and provides analysis as to why Counsel concluded that Stephens' appeal is meritless. Finally, Counsel advised Stephens of his right to retain new counsel or proceed *pro se*. Because Counsel has satisfied these technical requirements, we will now independently review the merits of Stephens' appeal.

First, Stephens argues that the Board erred in failing to credit his original sentence for the 438 days he was incarcerated from December 28, 2013, to March 10, 2015. We disagree. "[W]hen a parolee: (1) is incarcerated on both new criminal charges and a detainer filed by the Board and (2) does not post bail for the new criminal charges, the time spent incarcerated shall be credited against the sentence for his new criminal charges." *Williams v. Pennsylvania Board of Probation and Parole*, 68 A.3d 386, 389-90 (Pa. Cmwlth. 2013). Here, Stephens was incarcerated on the new criminal charges and the Board's detainer from December 28, 2013, the day after his arrest, to March 10, 2015, the day he was sentenced. Stephens did not post bail for the new criminal charges. Therefore, the time Stephens spent incarcerated on

4

both the new criminal charges and the Board's detainer was properly credited to Stephens' new sentence.

Next, Stephens argues that the Board's recalculation of his parole violation maximum date to March 4, 2023, is an unconstitutional extension of his judicially-imposed original sentence. However, Stephens first raised this issue in his amended petition for administrative review. Pursuant to the Board's regulation at 37 Pa. Code §73.1(b)(3), the Board will not receive second or subsequent petitions for administrative review. Therefore, we may not consider this issue on appeal. *See McKenzie v. Pennsylvania Board of Probation and Parole*, 963 A.2d 616, 621 (Pa. Cmwlth. 2009) ("[F]ailure to raise an issue before the Board results in waiver and precludes this Court from review.").

Accordingly, because we conclude that Stephens' appeal is meritless, we grant Counsel's application for leave to withdraw and affirm the Board's determination.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald S. Stephens,             :
                                   : No. 1135 C.D. 2015
                Petitioner     :
                                   :
               v.              :
                                   :
Pennsylvania Board of Probation  :
and Parole,                  :
                                   :
             Respondent   :

O R D E R


AND NOW, this <u>11</u><sup>th</sup> day of <u>August</u>, 2016, we hereby grant the application for leave to withdraw filed by Harry J. Cancelmi, Esquire, and affirm the June 2, 2015, determination of the Pennsylvania Board of Probation and Parole.


_____
ROCHELLE S. FRIEDMAN, Senior Judge