IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Khatib Cousins,                         :
                Petitioner         :
                             :
      v.                        :
                             :
Pennsylvania Board of         :
Probation and Parole,          :   No. 4 C.D. 2020
               Respondent    :   Submitted: June 5, 2020

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: August 20, 2020

      Khatib Cousins (Cousins) petitions for review of the December 13, 2019 decision of the Pennsylvania Board of Probation and Parole (Board)[1] denying Cousins' petition for administrative review challenging the Board's calculation of his parole violation maximum date. Upon review, we affirm.

      In 1999, Cousins was convicted of voluntary manslaughter and

---

[1] Prior to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. The effective date of the name change, however, occurred after the filing of Cousins' petition for review. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective Feb. 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

aggravated assault and sentenced to a minimum of 15 years to a maximum of 30 years' imprisonment at a state correctional institution (SCI), with a minimum sentence date of August 12, 2013 and a maximum sentence date of August 18, 2028. Sentence Status Summary at 1, Certified Record (C.R.) at 1; Board Decision, 5/22/13 at 3, C.R. at 6. The Board released Cousins on parole on August 12, 2013, leaving an unserved balance of 5,479 days on his sentence. Order to Release on Parole, 5/22/13 at 1, C.R. at 7; Response to Admin. Remedies Form at 1, C.R. at 62.

On January 1, 2016, Cousins was arrested for various firearm and drug related crimes. *See* Criminal Complaint, 1/2/16 at 1-2, C.R. at 12-13. That same day, the Board issued a warrant to commit and detain Cousins. Warrant to Commit and Detain, 1/1/16 at 1, C.R. at 11; Phila. Cty. Mun. Court Crim. Dkt. at 1, C.R. at 16. On January 2, 2016, Cousins was formally charged with multiple felony and misdemeanor offenses and did not post bail. Criminal Complaint, 1/2/16 at 1-2, C.R. at 12-13, 17; Phila. Cty. Mun. Court Crim. Dkt. at 1, C.R. at 16. On September 25, 2018, Cousins pled guilty to the new charges and was subsequently sentenced to a minimum of two years and six months to a maximum of five years' imprisonment in an SCI. Sentencing Order, 9/25/18 at 1-2, C.R. at 21-22; Notice of Charges and Hearing, 12/13/18 at 1, C.R. at 27. Cousins was moved to SCI-Phoenix on October 12, 2018. Moves Report at 1, C.R. at 39.

On December 13, 2018, Cousins waived his right to a parole revocation hearing and admitted that he had been convicted of criminal offenses in violation of the terms of his parole. Waiver/Admission Form, 12/13/18 at 1, C.R. at 29. On March 19, 2019, the Board voted to revoke Cousins' parole and to recommit him to an SCI as a convicted parole violator. Revocation Hearing Report, 3/19/19 at 6, C.R. at 36. The Board computed a parole violation maximum date of March 18, 2034 by

adding 5,478 days[2] of backtime to Cousins' "custody for return" date of March 19, 2019. *See* Order to Recommit, 3/21/19 at 1, C.R. at 54. The Board decision, dated March 21, 2019 and mailed March 29, 2019, explained that because Cousins' conviction involved possession of a weapon, the Board refrained from awarding Cousins credit for time spent at liberty on parole. Notice of Board Decision, 3/29/19 at 1-2, C.R. at 56-57.

On April 12, 2019, Cousins filed an administrative remedies form, which the Board treated as a petition for administrative review, asserting that his "[back]time" should have started on October 12, 2018, the date on which he was moved to SCI-Phoenix, such that he was "missing 6 months [of] credit."[3] Administrative Remedies Form, 4/12/19, C.R. at 58.[4] Citing Section 6138(a)(2) of the Prisons and Parole Code (Parole Code),[5] 61 Pa.C.S. § 6138(a)(2), the Board affirmed its March 29, 2019 decision and stated that recommitting Cousins as a convicted parole violator authorized its denial of credit for time at liberty on parole in calculating his parole violation maximum date and that Cousins is required to

[2] The Board credited Cousins one day, from January 1, 2016 to January 2, 2016, for his detention on the Board's warrant.

[3] Cousins' assertion that he is missing six months of credit presumably refers to the time period ranging from October 12, 2018, the date he was moved to SCI-Phoenix, to March 19, 2019, the date on which the Board voted to revoke Cousins' parole and the date the Board used to recalculate a new parole violation maximum date.

[4] Though not clearly legible, Cousins also appears to state in the administrative remedies form that he was paroled from August 12, 2013 to January 1, 2016, when he was taken into custody. This likely corresponds to Cousins' assertion in his petition for review that the Board failed to credit him for time in good standing on parole. *See* Petition for Review at 2, ¶ 6. However, Cousins failed to provide any argument in his appellate brief to support this claim or allow for meaningful review. *See* Pa.R.A.P. 2119(a) (providing that the argument contained within an appellate brief shall contain "such discussion and citation of authorities as are deemed pertinent"); *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009).

[5] 61 Pa.C.S. §§ 101–7123, *as amended*.

3

serve his original sentence from the date he first became available to resume serving that sentence, the day the Board voted to recommit him as a convicted parole violator. The Board reasoned that adding 5,478 days of backtime to that date, March 19, 2019, yields a parole violation maximum date of March 18, 2034, and that any period of incarceration not allocated towards Cousins' original sentence would be credited toward his new sentence upon commencement thereof. Board Decision, 12/13/19 at 1, C.R. at 62. Cousins petitioned this Court for review.

Before this Court,[6] Cousins argues that the Board erred in calculating a parole violation maximum date of March 18, 2034,[7] asserting that the correct date is in fact October 12, 2033—5,479 days[8] from his move to SCI-Phoenix on October 12, 2018. Cousins' Brief at 9. Cousins acknowledges that "he owe[s] 15 years [or 5,479 days] to complete his [original] sentence."[9] *Id.* Inconsistently, Cousins subsequently contends that the 5,479 days should be added to September 25, 2018,

---

[6] Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

[7] The Board determined Cousins' maximum date of March 18, 2034 by adding 5,478 days to *March 19, 2019*, the date on which the Board voted to recommit Cousins as a convicted parole violator. *See* Order to Recommit, 3/21/19 at 1, C.R. at 54. While the Board incorrectly stated this recommitment date was March 21, 2019 in one part of its brief, it correctly notes elsewhere in its appellate brief that it added Cousins' backtime to March 19, 2019. Board's Brief at 8.

[8] Cousins fails to take into account that he received one day of credit towards his original sentence for the time during which he was detained exclusively pursuant to the Board's warrant (January 1, 2016 to January 2, 2016), such that he in fact owed 5,478 days of backtime. *See* Order to Recommit, 3/21/19 at 1, C.R. at 54.

[9] We note that Cousins apparently abandons the assertion in his petition for review that the Board "abused its discretion by failing to give [him] credit for all time in good standing on parole," as he concedes in his appellate brief that he was required to serve the remaining 15 years of his original sentence. *See* Petition for Review at 1, ¶ 6.

4

the sentencing date on his new charges, which would yield a parole violation maximum date of September 25, 2033. *See id.* at 10. Neither Cousins' summary of argument in his appellate brief nor his petition for review elucidates this discrepancy.

Cousins also claims that because "his bail was set on January 2, 2016 and never posted, . . . he should receive credit on [his new] sentence from January 2, 2016." *Id.* at 8. Cousins asserts that the time period between the date bail was set (January 2, 2016) and the date of sentencing (September 25, 2018) spans 997 days (2 years, 8 months and 23 days), such that he "ha[s] served in excess of the minimum of two and one-half to five years['] sentence" imposed as a result of his subsequent conviction. *Id.* at 8-9. Cousins contends that "[t]he Certified Record does not indicate how much credit [he] received on his new conviction in Philadelphia County," and that he "should receive credit from the time of his sentencing having served in excess of his minimum sentence and the credit for backtime should begin upon the effective service of the backtime." *Id.* at 10.

Section 6138(a) of the Parole Code is instructive and provides, in relevant part:

> (1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.
>
> . . . .
>
> (2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the

5

term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1) [(granting the Board the discretion, with certain exceptions, to credit recommitted parole violators for time spent at liberty on parole)], shall be given no credit for the time at liberty on parole.

. . . .

(4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.

61 Pa.C.S. § 6138(a)(1), (2), (4).

"[W]hen a parolee: (1) is incarcerated on both new criminal charges and a detainer filed by the Board and (2) does not post bail for the new criminal charges, the time spent incarcerated shall be credited against the sentence for his new criminal charges." *Williams v. Pa. Bd. of Prob. & Parole*, 68 A.3d 386, 389-90 (Pa. Cmwlth. 2013) (citing *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980)). However, "[i]f a parolee is being held solely on the Board's detainer, the parolee is entitled to credit on an original sentence for time served while incarcerated awaiting resolution of new criminal charges." *Williams*, 68 A.3d at 390 (citing *Gaito*, 412 A.2d at 571).

Cousins was held solely on the Board's detainer from January 1, 2016 to January 2, 2016, and he does not dispute that the Board correctly credited this day towards his original sentence. *See Williams*, 68 A.3d at 390. The Board acknowledges that credit for time confined from January 2, 2016 onward[10] will be

_____

[10] The Board incorrectly stated in its brief that credit for the time period from January 2, 2016 through *March 29, 2019* will be applied to Cousins' new sentence after he is released from his original sentence. Board's Brief at 8 n.1. Based on the Board's actions as reflected in the record and the Board's appellate arguments, it appears this date should be March 18, 2019, as the Board

6

applied to Cousins' new sentence upon completion of his original sentence. *See* Board's Brief at 8 n.1. However, the dispute *sub judice* centers on when Cousins became available to begin serving backtime on his original sentence.

As noted above, service of backtime "shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator." 61 Pa.C.S. § 6138(a)(4). The date on which the Board revokes parole to recommit a parolee as a convicted parole violator constitutes the "custody for return" date for purposes of determining when the parole violator begins serving backtime in order to compute the parole violation maximum date. *See Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015); *Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980) The Board officially revokes parole when the requisite number of Board members signs the hearing examiner's recommendation. *See Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 166 (Pa. Cmwlth. 2016) (holding that "a parole violator's new maximum date is calculated from the date on which the Board obtain[s] the second signature needed to recommit him as a [convicted parole violator]"); *Wilson*, 124 A.3d at 770 (finding that "the Board did not err in calculating [a parole violator's] new maximum date from . . . the date on which the Board obtained the second signature from a panel member that was necessary to recommit him as a convicted parole violator").

Here, the Board's revocation hearing report indicates that two members of the Board signed the hearing examiner's recommendation to recommit Cousins

---

asserts Cousins resumed service of backtime on March 19, 2019. *See* Order to Recommit, 3/21/19 at 1, C.R. at 54 (identifying Cousins' "custody for return" date as March 19, 2019); *see also* Board's Brief at 8 (stating that the Board calculated Cousins' parole violation maximum date by adding 5,478 days to March 19, 2019).

as a convicted parole violator on March 19, 2019.[11] *See* Revocation Hearing Report, 3/19/19 at 7-8, C.R. at 37-38. Contrary to Cousins' contention, it is of no moment that he was moved to SCI-Phoenix on October 12, 2018, prior to the date on which the Board revoked his parole. *Wilson*, 124 A.3d at 769 (rejecting a parole violator's argument that "his maximum date should have been calculated from . . . the date that he was actually returned to the [SCI]" and finding that "the Board did not err in calculating [the] new maximum date from . . . the date on which the Board obtained the second signature from a panel member that was necessary to recommit [the parolee] as a convicted parole violator"); *Seilhamer v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 551 C.D. 2009, filed Sept. 15, 2010), slip op. at 9 (reasoning that "[a]lthough [the parolee] may have been returned to SCI-Camp Hill on October 7, 2008, [he] did not become available to begin serving his backtime on his original sentence until the Board revoked his parole").[12] Thus, the Board correctly computed a parole violation maximum date of March 18, 2034 by adding Cousins' backtime to the "custody for return" date of March 19, 2019. *See* Order to Recommit, 3/21/19 at 1, C.R. at 54.

Accordingly, we affirm the Board's decision.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[11] The Board incorrectly stated in its brief that Cousins became available to serve the remainder of this original sentence on March 29, 2019. Board's Brief at 7-8. However, the Board correctly argues elsewhere in its appellate brief that the Board voted to recommit Cousins as a convicted parole violator on March 19, 2019. *See* Board's Brief at 3; *see also* Revocation Hearing Report, 3/19/19 at 6-7, C.R. at 36-38.

[12] While this Court's unreported memorandum opinions may not be cited as binding precedent, they may be cited for persuasive value. 210 Pa. Code § 69.414(a).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Khatib Cousins,                          :
              Petitioner             :
                                         :
        v.                      :
                                         :
Pennsylvania Board of                    :
Probation and Parole,                    :   No. 4 C.D. 2020
            Respondent           :

## O R D E R

AND NOW, this 20th day of August, 2020, the December 13, 2019 decision of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge