IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Passarella,                          :
                    Petitioner              :
                                             :
            v.                               :
                                             :
Pennsylvania Board of                        :
Probation and Parole,                        :    No. 171 C.D. 2020
                    Respondent              :    Submitted: July 17, 2020


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON              FILED:  December 8, 2020


            William Passarella (Passarella) petitions for review of the January 16,

2020 decision of the Pennsylvania Board of Probation and Parole (Board)[1] denying

his petition for administrative review of the Board's March 15, 2019 decision. Upon

review, we affirm.

            **I. Background**

            In 2013 and 2014, Passarella was convicted of aggravated assault and

identity theft, access device fraud, and violation of probation. He was sentenced to

three years, one month to seven years of imprisonment, with a minimum sentence

date of November 10, 2015, and a maximum sentence date of October 10, 2019.

_____

[1] The Court notes that as of February 18, 2020, the Board has been renamed the
Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L.
776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and
Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

Sentence Status Summary, 9/22/16 at 1, Certified Record (C.R.) at 1. On October 3, 2016, the Board released Passarella on parole to reside at the Gaudenzia Community Corrections Residence (Gaudenzia). Supervision History, 9/8/17 at 1, C.R. at 23. Passarella absconded on January 13, 2017, after leaving pursuant to a day pass to attend a verified medical appointment. He was arrested and confined to State Correctional Institution (SCI) at Graterford on January 28, 2017. *Id.*; Notice of Board Decision, 6/28/17 at 1 & 3, C.R. at 5 & 7; Supervision History, 1/29/18 at 2, C.R. at 44. On March 13, 2017, Passarella was charged with access device fraud, receiving stolen property, and theft of services stemming from conduct during his 15-day period of delinquency in January 2017. Supervision History, 1/29/18 at 2, C.R. at 44; Criminal Docket, 6/4/18 at 1 & 3, C.R. at 72 & 74.

By decision with a mailing date of June 28, 2017, the Board recommitted Passarella as a technical parole violator with a parole violation maximum date of October 25, 2019. Notice of Board Decision, 6/28/17 at 1-2, C.R. at 5-6. The Board credited Passarella for 102 days of time spent in good standing on parole, such that 819 days remained on his original sentence. *See Passarella v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 146 C.D. 2019, filed August 29, 2019) (*Passarella I*), slip op. at 2.

On July 7, 2017, Passarella submitted an administrative remedies form. The Board subsequently modified its decision by deleting reference to Passarella's arrest and detention pending criminal charges and modifying the reparole clause. Administrative Remedies Form, 7/7/17 at 1, C.R. at 89; Notice of Board Decision, 7/17/17 at 1-2, C.R. at 10-11.

On July 28, 2017, the Board released Passarella on reparole, but he failed to report to Gaudenzia as instructed. Order to Release on Parole/Reparole,

2

6/15/17 at 1, C.R. at 8; Notice of Charges and Hearing, 9/6/17 at 1, C.R. at 25. On August 28, 2017, the Board arrested Passarella and placed him in the Coleman Hall parole violation center until his return to SCI-Graterford two days later. Technical Violation Arrest Report at 1, C.R. at 21; Supervision History, 1/29/18 at 2, C.R. at 44. On September 6, 2017, the Board charged Passarella with various technical parole violations. Passarella waived his right to a hearing and admitted to violating the terms of his parole. Waiver of Violation Hearing and Counsel/Admission Form 9/6/17 at 1, C.R. at 28; Technical Violation Arrest Report at 1, C.R. at 21. By decision with a mailing date of October 24, 2017, the Board recommitted Passarella as a technical parole violator to serve nine months of backtime. The Board calculated a parole violation maximum date of November 25, 2019, by adding 819 days of backtime to Passarella's "custody for return" date of August 28, 2017. *See* Notice of Board Decision, 10/6/17 at 1 & 3, C.R. at 39 & 41; Order to Recommit, 10/6/17 at 1, C.R. at 37.

On January 10, 2018, Passarella was convicted of theft of services, receiving stolen property, and access device fraud. He was sentenced to a minimum of 6 months to a maximum of 24 months of imprisonment at an SCI and 3 years of probation. Sentencing Order, 1/10/18 at 1, C.R. at 42. On March 20, 2018, the Board executed a hearing report recommitting Passarella as a convicted parole violator to serve 12 months of backtime. Revocation Hearing Report, 3/20/18 at 1 & 4, C.R. at 54 & 57.

By decision with a mailing date of June 20, 2018, the Board modified its October 24, 2017 decision by deleting the portion regarding reparole. The Board recommitted Passarella to an SCI as a convicted parole violator to serve 12 months of backtime. Notice of Board Decision, 6/20/18 at 1-2, C.R. at 79-80. The Board

3

declined to award credit for time spent at liberty on parole due to Passarella's "immediate failure on reparole." Notice of Board Decision, 6/20/18 at 2, C.R. at 80. In its order to recommit Passarella, the Board forfeited 102 days previously credited for time spent at liberty on parole from October 3, 2016, to January 13, 2017, thereby determining that Passarella owed 921 days of backtime toward his original sentence. The Board recalculated a parole violation maximum date of July 19, 2020. Order to Recommit, 6/4/18 at 1, C.R. at 1, C.R. at 77.

On July 9, 2018, Passarella submitted an administrative remedies form challenging the Board's decision and asserting that the Board improperly calculated his parole violation maximum date by utilizing a "custody for return" date of January 10, 2018, rather than August 29, 2017. Administrative Remedies Form, 7/9/18 at 1, C.R. at 81. Passarella also contended that the Board denied him "credit for time served exclusively pursuant to [its] warrant" and that he was "not given credit for all periods of incarceration on this sentence." *Id.*

The Board treated the administrative remedies form as a petition for administrative review. On January 16, 2019, the Board denied Passarella's petition and affirmed its June 20, 2018 decision. Response to Administrative Remedies Form, 1/16/19 at 1-2, C.R. at 82-83. Despite previously crediting Passarella with 102 days for time spent at liberty on parole from October 3, 2016, to January 13, 2017, upon recommitting him as a technical parole violator, the Board explained that it now denied Passarella this credit due to its decision to recommit him as a convicted parole violator. Response to Administrative Remedies Form, 1/16/19 at 1, C.R. at 82 (citing Section 6138 of the Prisons and Parole Code (Parole Code),[2] 61 Pa.C.S. § 6138). The Board therefore determined that 921 days remained on Passarella's

---

[2] 61 Pa.C.S. §§ 101-7123.

4

original sentence and, accordingly, recalculated a parole violation maximum date of July 19, 2020. Response to Administrative Remedies Form, 1/16/19 at 2, C.R. at 83. On February 9, 2019, Passarella filed a petition for review with this Court challenging the Board's recalculation of his parole violation maximum date in its June 20, 2018 decision. Petition for Review, 2/9/19 at 1-2, ¶¶ 4-6.

Subsequently, by decision with a mailing date of March 15, 2019, the Board issued an order modifying its June 20, 2018 decision. The Board credited Passarella with the 102 days it had previously forfeited, thereby recalculating a parole violation maximum date of April 8, 2020. *See* Notice of Board Decision, 3/8/19 at 1, C.R. at 88; *see also* Modified Order to Recommit, 3/8/19 at 1, C.R. at 86.

On March 19, 2019, the Board responded to the administrative remedies form submitted by Passarella on July 7, 2017, deeming it an administrative appeal from its decision with mailing date June 28, 2017. Response to Administrative Remedies Form, 3/19/19 at 1, C.R. at 91. The Board noted that it had recalculated Passarella's parole violation maximum date to October 25, 2019, based on his recommitment as a technical parole violator pursuant to Section 6138(c)(2) of the Parole Code, 61 Pa.C.S. § 6138(c)(2), by denying him credit for his 15-day period of delinquency from January 13, 2017 to January 28, 2017. Response to Administrative Remedies Form, 3/19/19 at 1, C.R. at 91.

On the same date, the Board issued a response to Passarella noting that it deemed the administrative remedies form received from him on July 16, 2018, to be a petition for administrative review from the Board decision with mailing date June 20, 2018. Response to Administrative Remedies Form, 3/19/19 at 1, C.R. at 116. The Board reversed that decision with regard to the parole violation maximum

5

date, noting that its decision mailed on March 15, 2019, recalculated Passarella's maximum date to April 8, 2020, in light of this Court's decision in *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019). Response to Administrative Remedies Form, 3/19/19 at 1-2, C.R. at 116-17.

On April 1, 2019, Passarella submitted via fax an administrative remedies form, asserting that the "[c]u[s]tody for return [date in the Board's March 15, 2019 decision was] incorrect," and that the Board did not give him "credit for all time served exclusively pursuant to [its] warrant and for time incarcerated on this sentence." Administrative Remedies Form, 4/1/19 at 1, C.R. at 120; *see also* Response to Administrative Remedies Form mailed 1/16/20 at 1, C.R. at 142. The Board treated the administrative remedies form as a petition for administrative review challenging its March 15, 2019 decision.

On August 29, 2019, this Court issued an unpublished opinion reversing the Board's January 16, 2019 decision to the extent that it revoked the 102 days previously credited to Passarella for time spent in good standing on parole upon his prior recommitment as a technical parole violator. This Court remanded the matter to the Board to reinstate the 102 days of credit in accordance with *Penjuke*. *See Passarella I*, slip op. at 14-16.

By decision with a mailing date of January 16, 2020, the Board denied Passarella's April 1, 2019 petition for administrative review and affirmed its March 15, 2019 decision, explaining as follows:[3]

---

[3] The Board noted that it would take no action on additional items of correspondence received from Passarella on October 17, 2019, October 18, 2019, November 6, 2019, November 14, 2019, and January 7, 2020, as these letters constituted second or subsequent requests for relief. Response to Administrative Remedies Form mailed 1/16/20 at 1-2, C.R. at 142-43 (citing 37 Pa. Code § 73.1(b)(3) (providing that "[s]econd or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received")).

6

The Board paroled Passarella from a[n SCI] on July 28, 2017[,] with a max[imum] date of October 25, 2019[,] leaving him with 819 days remaining on his sentence the day he was released. The Board's decision to recommit Passarella as a convicted parole violator authorized the recalculation of his max[imum] date to reflect that he received no credit for the time spent at liberty on parole. 61 Pa.C.S. § 6138(a)(2). The [B]oard denied Passarella credit for time spent at liberty on parole in this instance, thus, he owed 819 days as a convicted parole violator.

The record shows that on June 8, 2017, Passarella was arrested by local authorities in Delaware County for new criminal charges and that he did not post bail. On July 28, 2017, Passarella was paroled upon reaching his automatic reparole date . . . . Passarella was declared delinquent by the Board effective July 28, 2017[,] and arrested on a [B]oard detainer on August 28, 2017[,] for technical parole violations related to delinquency. By decision recorded October 6, 2017, the Board recommitted Passarella as a technical parole violator to serve 9 months. On January 10, 2018, Passarella was sentenced in [the] Delaware County Court of Common Pleas to a new term of incarceration to be served in a[n SCI]. Based on the above facts, Passarella is not entitled to any pre-sentence credit because he was not solely incarcerated on the [B]oard detainer prior to sentencing in Delaware County. *Gaito v. Pa. [Bd.] of [Prob. &] Parole*, 412 A.2d 568 (Pa. 1980). Thus, Passarella owed 819 days as a convicted parole violator. Any time spent incarcerated that was not allocated toward his original sentence will be calculated by the Department of Corrections and credited toward his new state sentence upon commencement of that term.

The [] Parole Code provides that convicted parole violators who were released from a state correctional institution and received a new sentence to be served in a state correctional institution must serve the original sentence first. 61 Pa.C.S. § 6138(a)(5). Because Passarrella [sic] was already recommitted as a technical

7

parole violator by decision recorded October 6, 2017, he therefore became available to commence service of his original sentence on January 10, 2018. Adding 819 days to that availability date yields a recalculated max[imum] date of April 8, 2020.

Response to Administrative Remedies Form mailed 1/16/20 at 1-2, C.R. at 142-43. Passarella sought review in this Court.

## II. Issue

Before this Court,[4] Passarella argues that because he returned to SCI-Graterford on August 30, 2017, and did not post bail after it was set on June 8, 2017, he had already completed his six-month term of incarceration and should have been immediately paroled by the time of his sentencing on January 10, 2018. Passarella's Brief at 12. Passarella notes that his sentencing order states "credit for time served," but does not specify the amount of credit. *See id.* (citing Criminal Docket, 6/4/18 at 4, C.R. at 71). Passarella further asserts that "if [he] is currently serving a state sentence, he should receive credit on that sentence since his maximum sentence date of April 8, 2020." *Id.* at 15.

## III. Discussion

In referencing his six-month term of incarceration, Passarella presumably asserts that he has completed the 6-to-24-month term of imprisonment imposed on January 10, 2018. *See* Sentencing Order, 1/10/18 at 1, C.R. at 42. Passarella stated in his petition for review that "[t]he [Board] failed to give [him] credit for all time served exclusively to its warrant." Thus, he is challenging the

---

[4] Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights have been violated. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

amount of time the Board credited towards his original term of imprisonment imposed in 2013 and 2014. Petition for Review at 1, ¶ 5; *see also Williams v. Pa. Bd. of Prob. & Parole*, 68 A.3d 386, 390 (Pa. Cmwlth. 2013) (stating that "[i]f a parolee is being held solely on the Board's detainer, the parolee is entitled to credit on an original sentence for time served while incarcerated awaiting resolution of new criminal charges"). Passarella's claim lacks merit.

The Parole Code requires Passarella to serve his original sentence prior to any subsequent sentence. *See* Section 6138(a)(5) of the Parole Code, 61 Pa.C.S. § 6138(a)(5) (providing that "[i]f a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed . . . [i]f a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution"). The Board determined that Passarella became available to begin serving the 819 days of backtime toward his original sentence on January 10, 2018. As a result, his parole violation maximum date was April 8, 2020. *See* Response to Administrative Remedies Form mailed 1/16/20 at 1-2, C.R. at 142-43. As acknowledged by the Board, "[a]ny time spent incarcerated that was not allocated toward [Passarella's] original sentence [would] be calculated by the Department of Corrections and credited toward his new state sentence upon commencement of that term." Response to Administrative Remedies Form mailed 1/16/20 at 1-2, C.R. at 142-43. Thus, Passarella became available on April 8, 2020, to serve his subsequent prison term of 6 to 24 months, less any credit for time served allocated by the Board. *Id.*

Passarella next argues that the Board failed to properly credit time toward his original sentence in accordance with this Court's prior remand order. *See*

9

Passarella's Brief at 15. He correctly notes that in *Passarella I* we determined that the Board erred in revoking the 102 days Passarella spent in good standing at liberty on parole, also known as "street time," previously credited to him upon recommitment as a technical parole violator. Accordingly, he owed 819 days of backtime, rather than 921 days. *Id.* at 13. Passarella maintains that, following remand, the Board "[n]evertheless . . . persisted in forfeiting the 102 days previously credited." *Id.* Further, Passarella contends that "[e]ven using . . . [a] custody for return date of January 10, 2018 and adding 819 days would result in a maximum sentence date of July 8, 2020." *Id.* at 13-14. Thus, Passarella contends that the Board "ignored the prior court order and did not give [him] credit for all the time to which he was entitled," such that "[t]he case must be remanded." *Id.* at 15.

The certified record demonstrates that the Board's decision is consistent with this Court's remand order and *Penjuke*. In fact, the Board modified its calculation of Passarella's backtime to comport with *Penjuke* nearly six months *before* this Court issued its remand order on August 29, 2019, by restoring credit to Passarella for 102 days spent in good standing on parole, reducing the balance of backtime to 819 days, and recalculating a parole violation maximum date of April 8, 2020. *See* Notice of Board Decision, 3/8/19 at 1, C.R. at 88; *see also* Modified Order to Recommit, 3/8/19 at 1, C.R. at 86. Thus, Passarella's second argument is also meritless.

Accordingly, we affirm the Board's decision.

_____
CHRISTINE FIZZANO CANNON, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Passarella,           :
                Petitioner    :
                              :
        v.                    :
                              :
Pennsylvania Board of         :
Probation and Parole,         :        No. 171 C.D. 2020
                Respondent    :


O R D E R


AND NOW, this 8th day of December, 2020, the January 16, 2020 decision of the Pennsylvania Board of Probation and Parole is AFFIRMED.


_____
CHRISTINE FIZZANO CANNON, Judge