# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Benther J. Michael, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1564 C.D. 2019 |
| | : | Submitted: June 12, 2020 |
| Pennsylvania Board of Probation | : | |
| and Parole, | : | |
| Respondent | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE J. ANDREW CROMPTON, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED:  September 17, 2020**

Benther J. Michael (Petitioner) petitions for review of an Order of the Pennsylvania Board of Probation and Parole (Board),[1] affirming a decision of the Board recommitting Petitioner as a convicted parole violator (CPV) to serve his unexpired term of 2 years, 1 month, and 28 days and recalculating his parole violation maximum date to January 16, 2021.  Petitioner contends that the Board erred by failing to give Petitioner time credit for the time he was incarcerated

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Code), *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

solely on the Board's warrant and in not giving a contemporaneous reason for denying Petitioner time credit for time spent at liberty on parole, commonly known as street time. Discerning no error, we affirm.

## I. Factual Background

Following a conviction for drug-related offenses, Petitioner was sentenced on January 20, 2010, to four to nine years' imprisonment, and the Board first paroled Petitioner on April 14, 2014, with a controlling minimum date of January 15, 2013, and a controlling maximum date of January 15, 2018. (Certified Record (C.R.) at 1, 6.) When Petitioner did not comply with his parole reporting requirements, the Board declared him delinquent effective July 15, 2014. (*Id.* at 22.) Petitioner was then arrested on new drug charges, of which he was convicted on September 4, 2015, and the Board recommitted Petitioner to a state correctional institution (SCI). (*Id.*) Upon his recommitment in 2015, Petitioner had a new parole violation maximum date of October 28, 2018. (*Id.* at 1-2.) By decision recorded on August 4, 2016, the Board granted Petitioner parole, and he was released on August 31, 2016. While Petitioner was on parole, he was arrested on January 19, 2017, in Cumberland County for violating Section 13(a)(16) and (30) of The Controlled Substance Drug, Device and Cosmetic Act,[2] and Sections 7512(a) and 6301(a)(1)(i) of the Crimes Code, respectively, 18 Pa.C.S. §§ 7512(a) (criminal use of communication facility), 6301(a)(1)(i) (corruption of minors). Petitioner was committed to the county jail on the new charges when he failed to

---

[2] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(16) (knowing or intentional possession of a controlled substance), (30) (manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance).

post bail. (C.R. at 14.) Also on January 19, 2017, the Board issued a Warrant to Commit and Detain Petitioner for parole violations. (*Id.* at 16.)

The Board issued a Notice of Charges and Hearing, advising Petitioner of an upcoming detention hearing as a result of his new criminal charges in Cumberland County. Petitioner waived his right to a hearing and right to be represented by counsel. (*Id.* at 25.) By decision mailed March 8, 2017, the Board detained Petitioner pending the disposition of his criminal charges. On August 23, 2017, Petitioner pled "guilty to two counts of Unlawful Delivery of a Controlled Substance, Heroin, and Criminal Conspiracy To Deliver Heroin." (*Id.* at 29.) The Court of Common Pleas of Cumberland County (common pleas) committed Petitioner to the custody of "the Department of Corrections for an evaluation . . . to determine whether [Petitioner] should be sentenced to State Intermediate Punishment [(SIP)]." (*Id.*) Petitioner was transferred to SCI-Camp Hill for this purpose.

Following Petitioner's guilty plea and sentencing, the Board issued a Notice of Charges and Hearing on October 31, 2017, advising Petitioner of a revocation hearing due to his new criminal conviction. Petitioner waived his right to a revocation hearing and right to counsel, and admitted to the new conviction. (*Id.* at 44.) By Board decision recorded December 1, 2017, the Board recommitted Petitioner as a CPV with "reparole only upon acceptance into the [SIP] program [];　otherwise recommit to serve [his] unexpired term, when available, pending sentencing on [his] Cumberland County convictions." (*Id.* at 56.) The Board further stated "in its discretion[, it] did not award credit to [Petitioner] for the time spent at liberty on parole," providing the following reason, "split credit; not

recommended to award credit for time at liberty on parole since last release of 08/31/2016." (*Id.* at 57.)

On March 12, 2018, common pleas issued an order stating that because Petitioner "would benefit from the [SCI SIP] Program," it was ordering Petitioner "to undergo [SIP] for 24 months to date from January 19, 2017." (*Id.* at 58.) Further, Petitioner was to "receive credit for time served." (*Id.* at 59.) The Board then issued an Order to Recommit dated May 1, 2018, forfeiting Petitioner's prior 92 days of street time, and adding those 92 days to the 788 days remaining on his original sentence as of his August 31, 2016 release, for a total of 880 days of backtime. Adding the 880 days to his custody for return date of March 12, 2018, the Board recalculated Petitioner's maximum date as August 8, 2020. (*Id.* at 77.) By decision recorded on May 15, 2018, referring back to the Board's December 1, 2017 decision recommitting Petitioner as a CPV to be reparoled upon acceptance into the SIP, the Board ordered Petitioner to abide by the rules and regulations of the institution and be evaluated for, among others, drug and alcohol treatment. (*Id.* at 81.) The Board issued another Order to Recommit on May 24, 2018, in which it recalculated Petitioner's maximum date with the same custody for return date and prior liberty forfeited as in its May 1, 2018 Order to Recommit. However, in the May 24, 2018 Order to Recommit, the Board gave Petitioner backtime credit of 417 days,[3] which reduced the backtime Petitioner owed to 463 days. Accordingly, in its May 24, 2018 Order to Recommit, the Board recalculated Petitioner's maximum date as June 18, 2019. (*Id.* at 83.)

---

[3] These 417 days of backtime credit were from January 19, 2017, the date of Petitioner's Cumberland County arrest, to March 12, 2018, the date common pleas sentenced Petitioner to a SIP program for 24 months to date from January 19, 2017.

4

By Board decision recorded June 7, 2018, the Board rescinded its Board decision recorded on May 15, 2018, "in its entirety, due to a technician error," and referring back to its December 1, 2017 decision recommitting Petitioner as a CPV, ordered that Petitioner was "reparoled[] only upon acceptance into the [SIP] program . . . if there are no misconducts." (*Id.* at 85.) Petitioner timely filed an administrative remedies form challenging this decision, arguing that the Board's recalculation of his maximum date exceeded his original maximum date by 8 months, which was incorrect because the 8 months added to his original maximum date was "due to [Petitioner's] incarceration of 225 days confined in Cumberland County prison." (*Id.* at 89.) While this request for administrative remedies was pending,[4] by decision recorded June 25, 2018, the Board modified its June 7, 2018 decision "by deleting the reparole clause and conditions, due to expiration of program eligibility," and ordering Petitioner to serve his "unexpired maximum sentence, 06/18/2019." (*Id.* at 87.) Petitioner filed a request for administrative remedies challenging this June 25, 2018 decision, arguing again that his maximum date extended his original maximum date by eight months, which he contended was error since his incarceration for those eight months was in the Cumberland County prison on a state detainer and he was not at liberty during that time. (*Id.* at 92-93.)

On July 19, 2018, the Department of Corrections notified Petitioner by letter that he was removed from SIP "due to [l]ack of [t]ime to [c]omplete" the program through "no fault of [Petitioner's], [but due to] a delay in processing this case as a

---

[4] It does not appear that the Board ever issued a response to this request for administrative remedies.

parole violator case . . . ."[5] (*Id.* at 134.) Common pleas then issued an order dated November 20, 2018, explaining that following a video conference and a letter from the Department of Corrections, it was determined that Petitioner "no longer qualifie[d] for the [SIP] Program" because Petitioner "ha[d] insufficient time remaining on any [SIP] sentence to complete the mandated programs . . . ." (*Id.* at 97.) Accordingly, by agreement of the parties, common pleas sentenced Petitioner to 16 to 32 months' imprisonment in an SCI, and gave Petitioner sentence credit from January 19, 2017, to November 20, 2018. (*Id.* at 97-98.)

In an internal memo dated October 15, 2018, the Board acknowledged that, pursuant to the Pennsylvania Supreme Court's decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017), it was required to provide a reason for why it denied Petitioner credit for his street time in its June 25, 2018 decision. The memo lists several reasons for denying credit, and the Board Member to which the memo was addressed circled the following reason: "[n]ew conviction same/similar to the original offense." (C.R. at 95.) Further, by decision mailed October 26, 2018, the Board advised Petitioner that it was modifying its December 1, 2017 decision to "add[] the following reason the Board did not award credit for time spent at liberty on parole: 1. new conviction same/similar to the original offense." (*Id.* at 96.)

On August 2, 2019, the Board issued a new Order to Recommit recalculating Petitioner's maximum date. Specifically, adding 788 days of backtime to

---

[5] This letter also advised Petitioner he could file a grievance to contest his removal from the SIP program, which he did, but the grievance was ultimately denied with the explanation that the Board had to complete various steps before Petitioner could complete the SIP program following common pleas' March 12, 2018 order, but the Department of Corrections did not receive clearance from the Board until June 7, 2018, at which point there was insufficient time for Petitioner to transition through the program. (C.R. at 135.)

Petitioner's custody for return date of November 20, 2018, the Board recalculated the new maximum date to be January 16, 2021. (*Id.* at 123.) Notably, this Order to Recommit does not reflect the forfeiture of the 92 days of Petitioner's prior street time, which would have given him 880 days of backtime, but also does not reflect any credit for Petitioner's most recent street time. By Board decision recorded the same day, the Board modified its June 25, 2018 and October 19, 2018 decisions to correct Petitioner's new maximum date in light of his resentencing. (*Id.* at 125.) Three days later, by Board decision recorded on August 5, 2019, the Board modified its August 2, 2019 decision, correcting it to "recommit [Petitioner] to a[n SCI] as a [CPV] to serve [his] unexpired term; 2 years, 1 month, 28 days." (*Id.* at 126.) Petitioner appealed this August 5, 2019 decision, arguing that the Board did not provide a timely, contemporaneous justification for revoking his street time and "improperly penalized [him] for failing to complete SIP, despite the Board itself being responsible for [his] inability to complete the program." (*Id.* at 129.)

The Board, by Order mailed October 15, 2019, responded to Petitioner's request for administrative remedies and affirmed its August 5, 2019 decision. With regard to the Board's decision to recommit Petitioner to serve his unexpired term, the Board explained that pursuant to the Board's regulations, the presumptive recommitment range for each of Petitioner's new convictions was 24 to 36 months, 37 Pa. Code §§ 75.1, 75.2. Therefore, for all three new convictions, the Board had a presumptive recommitment maximum of 108 months and Petitioner's unexpired term of 2 years, 1 month, and 28 days fell within that range and was not subject to challenge. (C.R. at 138.) The Board further stated that upon Petitioner's parole on August 31, 2016, he had 788 days remaining on his sentence, and the Board was

7

authorized to recalculate Petitioner's sentence to reflect no time credit for street time under Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(a)(2). The Board explained that Petitioner was arrested in Cumberland County, the Board lodged its detainer on the same day, Petitioner did not post bail on the new charges, and Petitioner was sentenced to incarceration on November 20, 2018. The Board stated it did not award credit for Petitioner's street time, meaning he had 788 days remaining on his sentence which, when added to November 20, 2018, the date upon which Petitioner became available to serve his original sentence, yielded a new maximum of January 16, 2021. Accordingly, the Board affirmed its August 5, 2019 decision. (C.R. at 139.) Petitioner petitions for review.[6]

## II. Arguments

Petitioner argues before this Court that the Board erred in two respects, as it failed to give Petitioner credit for the time he was incarcerated or held only on the Board's warrant, and the Board abused its discretion by denying Petitioner credit for street time. Petitioner alleges he was first sentenced on his new conviction on August 23, 2017, and was returned to SCI-Camp Hill on September 1, 2017. Petitioner recounts the numerous orders issued by the Board rescinding and modifying its prior decisions between the time of Petitioner's arrest, conviction, sentencing, and resentencing by common pleas, and the final decision issued by the Board, which Petitioner appealed. Petitioner asserts there is nothing in the record

---

[6] Our review is "limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *McCloud v. Pa. Bd. of Prob. & Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

8

to support the Board's decision to use November 20, 2018, the date at which Petitioner was resentenced to 16 to 32 months' incarceration, as the date of Petitioner's recommitment. Further, Petitioner contends the Board erred because it did not give Petitioner any "more credit than he had at his original sentencing" when he was resentenced on November 20, 2018, and nothing in the record indicates that Petitioner "was serving anything other than his backtime sentence." (Petitioner's Brief (Br.) at 13.) Petitioner asserts that the Board's prior decision on March 12, 2018, that calculated Petitioner's maximum date as June 18, 2019, was correct. As for Petitioner's street time credit, Petitioner argues he was paroled under the same institution number from April 14, 2014, to June 23, 2015, and he should have received credit for that time in the recalculation of his maximum date. Further, there is no backtime credit from January 19, 2017, to March 12, 2018, although there should be as Petitioner was incarcerated at an SCI beginning on September 1, 2017. By adding Petitioner's 788 days of backtime to December 1, 2017, the date Petitioner was recommitted, Petitioner argues his maximum date should be January 28, 2020.

Finally, Petitioner contends that the Board abused its discretion because it did not provide a timely and contemporaneous reason for not crediting Petitioner's original sentence for the time he spent at liberty on parole. Further, the Board, in its May 24, 2018 Order to Recommit, indicated that Petitioner forfeited 92 days of prior liberty from April 14, 2014, to July 15, 2015, but provided no explanation for its decision. The Board did not mention its denial of street time credit to Petitioner or a reason for that denial in its decisions of December 1, 2017, May 15, 2018, June 7, 2018, and June 25, 2018. The Board did not provide an explanation for this decision to deny street time credit until its supplemental decision dated

9

October 19, 2018. For these reasons, Petitioner contends the Board abused its discretion.

The Board responds, asserting that it did not err or abuse its discretion but properly recalculated Petitioner's parole violation maximum date when it recommitted Petitioner as a CPV. Petitioner had 788 days remaining on his sentence when he was released on parole on August 31, 2016. Upon Petitioner's arrest in Cumberland County on January 19, 2017, Petitioner was detained on both the Board's warrant and the new charges due to his failure to post bail. Therefore, Petitioner was detained on his new charges until the date of his sentence on November 20, 2018, and he was awarded credit for that time on his new sentence and was not entitled to credit on his original sentence for this presentence confinement. The Board has the authority to recalculate maximum dates for CPVs and has the discretion to not award CPVs credit for street time. The Board exercised its discretion not to credit Petitioner for his street time, reasoning that Petitioner's new conviction was similar to his original offense, which was appropriate and justified by the record. (Board's Br. at 7 (citing *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382 (Pa. Cmwlth. 2019)).) Because Petitioner was serving a sentence at an SCI when he was released on parole and was sentenced to an SCI for the new conviction, the Board contends Petitioner must complete his original sentence first before serving his new sentence pursuant to Section 6138(a)(5) of the Code. At that time, Petitioner's new sentence will be calculated by the Department of Corrections, and Petitioner will receive 670 days of credit on his Cumberland County sentence for his presentence confinement. To the extent that Petitioner argues the Board is bound by its maximum date calculations issued prior to Petitioner's sentencing on November 20, 2018, which erroneously awarded

credit against the original sentence, the Board argues this Court has held that an administrative agency may correct such errors on its own motion. Moreover, this type of correction "is particularly appropriate in cases where no corrective action would result in the Board commuting a portion of an inmate's sentence that he was statutorily required to serve." (Board's Br. at 8 (citing *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 352 n.3 (Pa. Cmwlth. 2007)).) Therefore, the Board asks us to affirm.

## III.  Discussion

We first address Petitioner's contention that the Board erred by failing to give him credit against his original sentence for the time Petitioner claims he was incarcerated solely on the Board's warrant. Our Supreme Court held in *Gaito v. Pennsylvania Board of Probation and Parole*:

> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

412 A.2d 568, 571 (Pa. 1980). Here, Petitioner was arrested on January 19, 2017, and the Board issued a Warrant to Commit and Detain him on that same day. However, the record reflects that, also on that day, Petitioner was detained on the new criminal charges because he did not post bail for those charges. (C.R. at 14.) Therefore, from January 19, 2017, until August 23, 2017, the date Petitioner pled guilty to the new charges, Petitioner was incarcerated for "fail[ure] to satisfy bail requirements on new criminal charges," and pursuant to *Gaito*, that time must be

11

credited towards his new sentence. 412 A.2d at 571. Accordingly, the Board did not err when it did not credit Petitioner's original sentence with this time.

To the extent Petitioner's argument also challenges the Board not awarding him credit for the time he was incarcerated between his guilty plea and his resentencing on November 20, 2018, we discern no error. "SIP is a two-year program designed to benefit persons with drug and alcohol problems," but without "a history of present or past violent behavior," whom the Department of Corrections determines "is in need of drug and alcohol treatment." *Commonwealth v. Kuykendall*, 2 A.3d 559, 560 (Pa. Super. 2010) (citing Sections 4102-4109 of the Code, 61 Pa.C.S. §§ 4102-4109). This Court explained SIP and its effect upon a CPV's credit determinations in *Williams v. Pennsylvania Board of Probation and Parole*, 68 A.3d 386 (Pa. Cmwlth. 2013). In that case, the petitioner was arrested on new criminal charges while he was at liberty on parole and remained incarcerated both on the Board's warrant and the new criminal charges as he was unable to post bail. When the petitioner pled guilty to the new criminal charges, the sentencing court sentenced the petitioner to two to four years' incarceration, with credit for time served, but also deemed the petitioner eligible for SIP. During the Board's revocation proceedings, the petitioner admitted the conviction to the Board and requested the Board credit his original sentence with the time between his arrest until the date of his new sentence "because the SIP program requires that all credit on a new sentence for time served be forfeited, resulting in none of this time being credited toward his new sentence." *Id.* at 387. The Board recommitted the petitioner to serve his unexpired term and recalculated his parole maximum date without providing the requested credit. The petitioner appealed, asserting that the Board erred in its recalculation, and the Board denied the appeal.

12

On appeal to this Court, the petitioner argued that because the sentencing court sentenced him and gave him credit for time served, but also deemed him eligible for SIP, he could not receive credit for the time served on his new sentence and, therefore, should be given credit on his original sentence for his presentence confinement. We disagreed, explaining the purpose and function of SIP. Noting Section 4103 of the Code, which defined a SIP participant as "an eligible offender **actually** sentenced to [SIP] pursuant to [Section 9721(a)(7) of the Judicial Code,] 42 Pa.C.S. § 9721(a)(7) (relating to sentencing generally)," *Williams*, 68 A.3d at 388 (quoting *former* Section 4103 of the Code,[7] 61 Pa.C.S. § 4103), we explained that the sentencing court "determined that [the petitioner] was **eligible** for the SIP program; therefore, because [the petitioner] is not currently a participant in the SIP program, he is not subject to the program's requirements." *Id.* at 388-89. Therefore, "at the time the Board recorded its . . . decision recalculating [the petitioner's] parole violation maximum date based upon his conviction on new criminal charges," the petitioner "had not forfeited any of the court-ordered credit for time served pursuant to the requirements of the SIP program." *Id.* at 389.

Further, even if the petitioner was actually sentenced to the SIP program, we stated that he "would not be entitled to have the court-ordered credit for time served on his new sentence applied to his original sentence" under the Pennsylvania Supreme Court's decision in *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003). *Williams*, 68 A.3d at 389. While

---

[7] At the time *Williams* was decided and Petitioner here was sentenced, Section 4103 of the Code defined a SIP program participant as "[a]n eligible offender actually sentenced to [SIP] pursuant to 42 Pa.C.S. § 9721(a)(7) (relating to sentencing generally)." *Former* 61 Pa.C.S. § 4103. Section 4103 was amended on December 18, 2019, and now defines a participant as "[a]n eligible person placed in the State drug treatment program." 61 Pa.C.S. § 4103.

the Supreme Court held in *Martin* that when a parolee is incarcerated on new criminal charges and a Board detainer, all time spent in confinement must be credited to "either the new sentence or the original sentence," we reasoned that this was not the case in *Williams*. *Id.* (quoting *Martin*, 840 A.2d at 309). We explained that participation in the SIP program is a privilege that reduces the time of incarceration in exchange for "surrender[ing the] statutory right to credit for time served while housed in a county correctional institution or non-Pennsylvania state correctional facility." *Id.* (quotations and emphasis omitted). Therefore, we held that "due to the nature of the SIP program, an eligible offender, such as [the petitioner], cannot expect credit for time served towards an original sentence pursuant to *Martin* if the offender is actually sentenced to, and becomes a participant in, the SIP program." *Id.*

Here, when Petitioner pled guilty, common pleas "committed [Petitioner] to the Department of Corrections for an evaluation to be used by [common pleas] to determine whether he should be sentenced to [SIP]," and transferred Petitioner to SCI-Camp Hill for evaluation. (C.R. at 29.) Like the petitioner in *Williams*, Petitioner here was not "**actually** sentenced to [SIP]," but was **eligible** for the SIP program. 68 A.3d at 388 (quoting *former* 61 Pa.C.S. § 4103). Moreover, while common pleas later issued an order on March 12, 2018, sentencing Petitioner to the SIP program, the record demonstrates that Petitioner was later found not to qualify for the SIP program because he could not timely complete the programs. (C.R. at 97.) As Petitioner recounts in his brief, the Board issued numerous decisions in this matter modifying and rescinding its prior orders between the time of

Petitioner's new arrest and his resentencing.[8]  As noted by Petitioner and the Department of Corrections in its letter to Petitioner, the delay in processing Petitioner's parole violation case ultimately resulted in there being insufficient time for Petitioner to complete the programs required for the SIP, which required common pleas to resentence Petitioner.  As a result of this delay, Petitioner did not participate in the SIP program.

Because Petitioner did not ever participate in the SIP program, this time was not forfeited but rather credited to his new sentence.  Therefore, when common pleas resentenced Petitioner to incarceration on his new charges on November 20, 2018, the time that Petitioner was incarcerated between the date of his arrest on January 19, 2017, and his resentencing was credited to the new sentence instead of his original sentence.  In fact, common pleas' November 20, 2018 order expressly reflects this, stating Petitioner "is to be given credit from January 19[], 2017 to the present date to the extent permitted by law." (*Id.* at 98.)  Accordingly, the time that Petitioner was incarcerated from January 19, 2017, the date of his arrest, to November 20, 2018, the date of resentencing, was credited to Petitioner's new sentence.  If this time was credited to Petitioner's original sentence and new sentence, it would result in that time being served twice, which is impermissible. *See Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 595 (Pa. Cmwlth. 2006).  Therefore, the Board did not err by not crediting that time to Petitioner's original sentence.

---

[8] It is unclear whether the multiplicity of Board decisions issued here was the reason for the delay in processing Petitioner's parole violation case, resulting in insufficient time for participation in the SIP program, or whether the multiplicity of orders resulted from the procedural posture given Petitioner's consideration for, sentencing to, and removal from the SIP program.  In any event, we are troubled by the number of decisions issued by the Board in this matter.

Turning to the Board's actual recalculation of Petitioner's maximum date, at the time of his reparole, Petitioner had 788 days remaining on his original sentence. The Board's calculation that Petitioner had 788 days remaining on his original sentence reflects that it gave Petitioner credit for his time spent at liberty on parole from April 14, 2014, and July 15, 2014.[9] Pursuant to Section 6138(a)(5)(i) of the Code, when Petitioner was resentenced on the new charges to incarceration in an SCI, Petitioner was required to serve "the balance of the term originally imposed . . ." before serving the new sentence. 61 Pa.C.S. § 6138(a)(5)(i). Therefore, Petitioner became available to serve the remainder of his original sentence as a CPV upon his resentencing on November 20, 2018. Adding 788 days to November 20, 2018, with no credit for Petitioner's most recent street time, results in a new maximum date of January 16, 2021. Accordingly, we discern no error in the Board's recalculation.

Petitioner also contends that the Board erred because it did not provide a contemporaneous reason for denying Petitioner credit for his street time. Section 6138(a)(2), (2.1) of the Code provides that:

> (2) If a [CPV's] recommitment is so ordered, the [CPV] shall be reentered to serve the remainder of the term which the [CPV] would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

---

[9] While in its May 1, 2018 Order to Recommit, the Board indicated that Petitioner forfeited these 92 days, making Petitioner's backtime owed 880 days, the Board's subsequent recommitment orders did not reflect this and used 788 days as the remaining backtime. Therefore, to the extent that Petitioner challenges the forfeiture of these days, it is moot because the Board ultimately gave Petitioner credit for those days in its recalculation of the new maximum date.

16

(2.1) The [B]oard may, in its discretion, award credit to a [CPV] recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence . . . or a crime requiring registration under 41 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

> (ii) The [CPV] was recommitted under [S]ection 6143 [of the Code] (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. § 6138(a)(2), (2.1). Our Supreme Court held in *Pittman* that Section 6138(a)(2) "clearly and unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence," other than in the enumerated exceptions. 159 A.3d at 473. The Supreme Court further held that "the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id.* at 474. However, "the reason the Board gives does not have to be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

This Court has held that the Board complies with *Pittman* and no remand is required where the Board fails to give a contemporaneous reason for denying street time but later corrects the error. *Smoak v. Talaber*, 193 A.3d 1160, 1164 (Pa. Cmwlth. 2018). In *Smoak*, the Board issued an order recommitting a CPV and not awarding credit for street time, but did not provide the reason for doing so until its response to the petitioner's request for administrative review. We held that while it was error for the Board not to record a reason for denying credit in its decision recommitting the petitioner, the "matter [did] not need to be remanded to the [] Board to correct the error because the [] Board, after receiving [the petitioner's] administrative appeal, corrected its omission by modifying the recommitment

order to include its reason for denying [the petitioner] credit for his street time." *Id.*

Here, in the Board decision recorded December 1, 2017, the Board recommitted Petitioner as a CPV to be reparoled upon acceptance into the SIP program and otherwise to recommit him to serve the remainder of his original sentence. The Board stated "in its discretion[, it] did not award credit to [Petitioner] for the time spent at liberty on parole," reasoning that this matter involved "split credit; not recommended to award credit for time at liberty on parole since last release of 08/31/2016." (C.R. at 57.) Therefore, the Board provided reasoning in that decision for not to awarding street time credit. When Petitioner's eligibility for the SIP program expired, the Board, by decision recorded June 25, 2018, ordered Petitioner to serve his "unexpired maximum sentence, 06/18/2019." (*Id.* at 87.) This decision did not include a contemporaneous explanation for denying Petitioner credit for street time, which was in error. But, the Board subsequently provided a reason for denying credit, which it memorialized in the October 19, 2018 decision modifying the Board's initial decision of December 1, 2017, to "add[] the following reason the Board did not award credit for time spent at liberty on parole: 1. new conviction same/similar to the original offense." (*Id.* at 95-96.) When the Board issued its subsequent decisions, including the October 15, 2019 decision currently on appeal, the Board did not modify or rescind its prior denial of street time credit or reasons for that denial. (*Id.* at 125-27.)

Thus, while the Board had the discretion not to award Petitioner credit for street time when it first recommitted him as a CPV, it erred when it did not provide a contemporaneous reason for denying that credit. *Smoak*, 193 A.3d at 1164.

18

However, no remand is necessary because the Board corrected this error in later decisions and documents. *See id*. Further, to the extent Petitioner's arguments can be read to challenge the Board's reason, the reason given is sufficient and supported by the record, as Petitioner's original sentence was for drug charges and his new conviction in Cumberland County also arose from drug charges. *See Barnes*, 203 A.3d at 390-91 (finding sufficient under *Pittman* the Board's decision to deny a CPV street time credit in part because the new conviction was "same/similar to the original offense"). Therefore, the Board did not abuse its discretion by denying Petitioner street time credit nor did it fail to provide a sufficient reason for so doing.

## IV. Conclusion

The Board did not fail to give Petitioner credit on his original sentence for any time he was incarcerated solely on the Board's warrant nor did it abuse its discretion when it did not give Petitioner credit for the time he spent at liberty on parole. Furthermore, the Board did not abuse its discretion by not awarding street time credit and provided a sufficient reason to support that decision. Therefore, we discern no error in the Board's decision recommitting Petitioner as a CPV and recalculating his maximum date. Accordingly, we affirm.

 

_____
**RENÉE COHN JUBELIRER,** Judge

19

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Benther J. Michael, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1564 C.D. 2019 |
| | : | |
| Pennsylvania Board of Probation | : | |
| and Parole, | : | |
| Respondent | : | |

# **O R D E R**

**NOW**, September 17, 2020, the Order of the Pennsylvania Board of Probation and Parole recorded October 15, 2019, is hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge